THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-61325-CIV-COHN/SNOW

JAY BRUSSELS, an individual, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

DAVID E. NEWMAN, P.A., a Florida
professional association, doing business as
"David E. Newman Attorneys at Law," and
DAVID E. NEWMAN, an individual,

    Defendants.

_____/

### DEFENDANTS DAVID E. NEWMAN, P.A. AND DAVID E. NEWMAN,'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, DAVID E. NEWMAN, P.A. ("Corporate Defendant") and DAVID E. NEWMAN ("Individual Defendant" and together with Corporate Defendant the "Newman Defendants"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) as well as Local Rule 7.1(A), request that this Honorable Court dismiss the Complaint against the Newman Defendants, and as grounds therefore state:

### RELIEF REQUESTED

1.    To dismiss the Class Action Complaint against the Individual Defendant because the Plaintiffs have not alleged, nor can they establish improper conduct to warrant piercing the corporate veil.

2.	To dismiss the Complaint in its entirety as to the Newman Defendants, as a matter of law, for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

3.	In the alternative, if the relief requested in 1 and 2 above is not fully granted and the Complaint is not dismissed, pursuant to Federal Rule of Civil Procedure 12(e), to compel Plaintiffs to provide a more definite statement of the facts supporting their theories of and allegations purporting to establish liability for relief against the Newman Defendants.

## MEMORANDUM OF LAW

### I. INTRODUCTION

**A.	FACTUAL BACKGROUND**

Plaintiff, JAY BRUSSELS, an individual, on behalf of himself and all others similarly situated, filed this action against the Newman Defendants alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 *et s*eq. *(*hereinafter "FDCPA"), stemming from the Newman Defendants' attempt to collect certain unpaid debt on behalf of their client from the Plaintiff.  Plaintiff alleges that by correspondence dated August 30, 2005, the Newman Defendants sought to collect outstanding past due account balances which included $400 attorneys' fees as part of the amount due from the Plaintiff (since the underlying contract calls for entitlement to attorneys fees).  In their complaint, Plaintiff contends that these actions taken by the Newman Defendants violate the FDCPA.  Specifically, the Plaintiff refers to the Brussels Cardholder Agreement as the basis for their claims against the Newman Defendants.  However, it is the Newman Defendants' position that the Plaintiff has attached the wrong agreement to the Complaint and the proper Cardholder Agreement is the Chase Cardholder Agreement attached

hereto and made a part hereof as Exhibit A. The distinction between these agreements is critical since they deal with the creditor's entitlement to attorneys fees differently.

The Complaint alleges, *inter alia*, that the Newman Defendants regularly collected or attempted to collect monies from consumers for credit cards ("Credit Card Debts") issued by Chase Manhattan Bank or its predecessors in interest ("Chase Manhattan"). The Plaintiff attached a copy of the Cardholder Agreement ("Brussels Cardholder Agreement") as Exhibit A to the Complaint. See Compl. ¶10. There are two primary basis set forth in the Plaintiff's Complaint: (1) the Newman Defendants attempted to collect the sum of Four Hundred ($400.00) Dollars as and for attorneys' fees ("Attorney Fee Claim"), which Claim allegedly does not represent reasonable time spent by the Newman Defendants. See Compl. ¶¶14, 16; and (2) the Newman Defendants seek the recovery of attorneys' fees and costs prior to the institution of a legal "proceeding" related to their collection efforts.

To that end, the Plaintiff refers to ¶15 of the Brussels Cardholder Agreement which provides, in pertinent part,

> "We may refer your debt to an agency or attorney for collection if it is in default. If proceedings are instituted for the collection of any amounts owing under this Agreement by any attorney who is not a salaried employee of our, we may charge, and you agree to pay, reasonable attorneys' fees incurred in connection with such proceedings, plus actual court and other collection costs.

See Compl. ¶17.

It would appear from the Complaint therefore that the Plaintiff alleges that at the time of the transmission of the Collection Communication by the Newman Defendants, no "proceeding" had been instituted for the collection of any amounts purportedly owed by Mr. Brussels. See Compl. ¶18. As will be demonstrated below, pursuant to the four corners of the Complaint, the Plaintiffs' claims are lacking in basis.

## II.  ARGUMENT

### A.  The Complaint Fails to Offer Facts Sufficient to Sustain a Finding of Proof of Improper Conduct to Warrant Piercing the Corporate Veil against the Individual Defendant.

The Complaint should be dismissed against the Individual Defendant as he is protected from individual liability and Plaintiff has not alleged or established any of the elements required by Florida law to " pierce the corporate veil." The Corporate Defendant, as a professional corporation, is defined as a corporate entity by Fla. Stat. §621.

The Florida Supreme Court has created a strict standard for those wishing to pierce the corporate veil. The rule is that the corporate veil will not be pierced absent a showing of improper conduct, or that the corporation was organized or employed for some fraudulent purpose or to mislead creditors. *Seminole Boatyard, Inc. v. Christopher*, 715 So.2d at 990 (Fla. 4th DCA 1998) (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1121 (Fla. 1984)). This legal principle is based in the theory that every corporation is created as a business organization and constitutes a legal entity that can do business in its own right and on its own credit as distinguished from the credit and assets of individual stockholders. *See Dania Jai-Alai*, 450 So.2d 1114, at 1120. The mere fact that one or two individuals own and control the corporation does not show that the corporate entity is a fraud or the alter ego of its stockholder. *See id*.

Furthermore, a corporation is an entity separate from its directors and shareholders, and ordinarily, the corporate veil will *not* be pierced. *See Lobato-Bleidt v. Lobato*, 688 So.2d 431 (Fla. 5th DCA 1997) (emphasis added). Plaintiffs who would pierce the corporate veil bear a heavy burden under Florida law. *See, e.g. Becherer v. Merrill Lynch, Pierce, Fenner & Smith*,

4

*Inc.*, 43 F.3d 1054, 1064 (6th Cir. 1995). Florida courts will pierce the corporate veil " only in exceptional cases." *Eagle v. Benefield-Chappell, Inc.*, 476 So.2d 716, 719 (Fla. 4th DCA 1985). Florida law on the subject of piercing the corporate veil disfavors piercing. Indeed, Florida courts are extremely reluctant to " pierce the corporate veil" unless there has been " extreme abuse of the corporate form." *Government of Aruba v. Sanchez*, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002); *Resolution Trust Corp. v. Latham & Watkins*, 909 F. Supp. 923, 930-932 (S.D. N.Y. 1995) (recognizing the " somewhat conservative character of Florida veil-piercing jurisprudence); *see Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F. 3d 1290, 1321 (11th Cir. 1998); *Steinhardt v. Banks*, 511 So. 2d 336, 339 (Fla. 4th DCA 1987). Indeed, the burden of proof to pierce the corporate veil in Florida is very high. *See Resolution Trust Corp.*, 909 F. Supp. at 930.

  Thus, to pierce the corporate veil in Florida, Plaintiffs must prove three factors: (1) the shareholders dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; and (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.  *Seminole Boatyard*, 715 So.2d at 990. Plaintiffs must allege sufficient facts to demonstrate the Corporate Defendant is an alter ego of the Individual Defendant.  Plaintiffs also would have to establish that the Corporate Defendant was organized or employed for some fraudulent purpose or to mislead creditors. Florida law further requires Plaintiffs to prove Individual Defendant used this corporate entity fraudulently or for an improper purpose **and** that the improper use caused an injury to Plaintiffs. *See id*. Plaintiffs have omitted to make such allegations in their Complaint.

In his Complaint, Plaintiff failed to allege and cannot show that the Corporate Defendant is an alter ego of the Individual Defendant. The Florida Courts, in addressing this issue, have articulated the relevant factors to be considered for piercing the corporate veil. *See Raber v.Osprey Alaska, Inc.*, 187 F.R.D. 675, 679 (M.D. Fla. 1999). These factors include whether the corporations' principals " observe corporate formalities, commingling funds of other corporations with [personal] funds, using the assets of the corporation for his own personal use, failing to adequately capitalize the corporation, and using the corporate form to avoid liability." *Id*. at 679.  Deference will also be given to the amount of equity capital and the extent of domination and control of the corporation by the corporate officer or owner. *See Shearson Hayden Stone, Inc. v. Lumber Merchants, Inc.,* 500 F.Supp. 491, 502 (S.D. Fla. 1980). Even reviewing this motion to dismiss in the light most favorable to the Plaintiff, and accepting all allegations as true, there is not a single specific factual allegation demonstrating how the Individual Defendant commingled funds of any corporation with his personal funds, or used corporate assets for his own personal use, or that any corporation was inadequately capitalized, or that the corporate form was used to avoid liability. Furthermore, the Individual Defendant did not conduct his services or sign any documents as an individual but rather as a principal of the corporation. The Complaint is devoid of any specific fact or allegation in any of these regards.

Plaintiff likewise cannot show that the Corporate Defendant was formed or used for any fraudulent or improper purpose. *See discussion supra*. Courts will not look behind a corporation to hold its owners liable absent fraud or some illegal purpose or improper conduct. *See Gershuny v. Martin McFall Messenger Anetesia, P.A.,* 539 So.2d 1131 (Fla.1989). Such improper conduct as defined by Florida' s Supreme Court is described as a " corporation [that] was organized or used to mislead creditors or to perpetuate a fraud upon them." *Dania Jai-Alai,* 450 So.2d at 1121

(quoting *Riley v. Fatt*, 47 So.2d 769, 773 (Fla. 1950)). Individuals who utilize the corporate form of existence may justifiably rely on the rules of law to shield them from personal liability unless the corporation was formed for some illegal, fraudulent or other unjust purpose, which justifies stripping them of their corporate immunity. *See Robert's Fish Farm v. Spencer*, 153 So.2d 718, 721 (Fla. 1963). Therefore, the Individual Defendant is entitled to the same level of protection. Plaintiff has made absolutely no allegations of any supposed improper conduct by the Individual Defendant.

Plaintiff is likewise incapable of sustaining his burden of proof on the third prong of the test articulated in *Seminole Boatyard,* 715 So.2d at 990, with regard to fraudulent or improper use of the corporate form causing plaintiffs' injury. Since the Individual Defendant is not an alter ego of the Corporate Defendant, there is no basis to impose personal liability upon the Individual Defendant for any alleged and unsupported wrongful conduct of the corporate entity. *See Kanov v. Bitz*, 660 So.2d 1165 (Fla. 3rd DCA 1995). Therefore, Plaintiff's claims against the Individual Defendant must be dismissed as a matter of law. *See Maurice Sunderland Architecture, Inc. v. Simon*, No. Civ. 4-94-122, 1994 WL 1091851, at *2 (D. Minn. Apr. 6, 1994) (dismissing claim for failure to provide facts to support alleged conclusion that defendants are " alter egos" and " controlling persons" of corporate entity).

In addition to, and in support of the above arguments in this Section, Plaintiff fails to provide sufficient notice of their basis to seek to pierce the corporate veil under Rule 8 of the Federal Rules of Civil Procedure.  The Plaintiff does not provide sufficient facts to establish any of the above enumerated prongs for a claim to pierce the corporate veil.

*Jay Brussels v. David E. Newman, P.A. et al.*
*CASE NO. 06-61325 CIV-COHN/SNOW*

**B.     The Claim for Violation of the FDCPA is defective since the Plaintiff fails to attach the proper agreement as Exhibit A.**

Pursuant to Florida law, if an exhibit attached to a complaint negates the pleader's cause of action, the plain language of the document will control and may be the basis for a motion to dismiss. *See Warren v. Dairyland Insurance Co.*, 662 So. 2d 1387 (Fla. 4th DCA 1995); and *Buck v. Kent Sec. of Broward*, 638 So. 2d 1004 (Fla. 4th DCA 1994)(Plaintiffs' own lease attached to Complaint negates allegation that Plaintiffs' could be third party beneficiaries, thus, rendering pleading objectionable and subject to dismissal).  In the case *sub judice*, Plaintiffs' allegations that the Newman Defendants regularly collected or attempted to collect Credit Card Debts *issued by Chase Manhattan or its predecessors in interest*, Compl. ¶ 8, and that Plaintiff opened the Brussels Credit Card Account through Chase Manhattan, Compl. . ¶ 9, is devoid of any merit and is contradicted by Exhibit A to the Complaint, which is a Cardholder Agreement issued by Bank of New York and <u>not</u> Chase Manhattan.  This distinction is critical since the Complaint refers to the Brussels Cardholder Agreement to define "Attorney Fee Provision" as follows:

> 15. COLLECTION FEE.  We may refer your debt to an agency or attorney for collection if it is in default.  <u>If proceedings are instituted for the collection of any amounts owing under this Agreement</u>, by any attorney who is not a salaried employee of ours, we may charge, and you agree to pay, reasonable attorney's fees incurred in connection with such proceedings plus actual court and other collection costs.  ("Attorney Fee Provision").

Compl. ¶ 17

However, the Chase Manhattan Cardholder Agreement ("Chase Cardholder Agreement", which is not attached as an exhibit to the Complaint) sets forth a different criteria for entitlement to attorney's fees as follows:

> 21. … If you are in default, we may, as permitted by law, cancel your credit privileges and require you to pay the unpaid balance immediately; require you to pay interest at

8

>   the rate of two percent (2%) a month on the unpaid balance when we deem your Account to be six or more billing cycles past due; and require you to pay reasonable attorney's fees, any court costs and other collection costs incurred by us in the collection of any amounts you owe under this Agreement.

A copy of the Chase Manhattan Cardholder Agreement is attached hereto and made a part hereof as Exhibit A.  See *Reynolds v. Gables Residential Services, Inc.,* 19 Fla. L. Weekly Fed D742a (M.D. Fla April 26, 2006) (attachment of lease agreement to motion to dismiss was permissible under Eleventh Circuit Law, where exhibits are central to plaintiff's claims, are undisputed, ad are available for consideration in present motion to dismiss).  The Complaint is devoid of any specific fact or allegation how the Brussels Cardholder Agreement was acquired, if in fact it was acquired, by Chase Manhattan or that the terms and conditions of the Brussels Agreement are controlling and have not been modified by Chase Manhattan.

Based on these obvious discrepancies between the allegations identified above in the Chase Cardholder Agreement and the Brussels Cardholder Agreement, the Court should dismiss the Plaintiffs' Complaint or compel the Plaintiff to provide a more definite statement of the facts supporting their theories of and allegations purporting to establish liability for relief against the Newman Defendants.  This Motion is filed in good faith and for the purpose of providing the Court with all of the grounds for dismissing Plaintiffs' Complaint.

WHEREFORE, Defendants, DAVID E. NEWMAN, P.A. and DAVID E. NEWMAN, respectfully request that this Court enter an Order dismissing Plaintiffs', JAY BRUSSELS, an individual, on behalf of himself and all others similarly situated, Complaint, or in the alternative enter an Order directing the Plaintiffs to file an Amended Complaint containing a more definite statement for the reasons set forth in this Motion, and for any such other relief as this Court deems just and proper.

*Jay Brussels v. David E. Newman, P.A. et al.*
*CASE NO. 06-61325 CIV-COHN/SNOW*

Respectfully submitted,

**SHENDELL & POLLOCK, P.L.**
5355 Town Center Road, Suite 200
Boca Raton, FL 33486
Telephone:     561/361-2323
Facsimile:      561/361-2324
Email:            gary@shendellpollock.com
                     ken@shendellpollock.com


By:   /s/      Kenneth S. Pollock
          Gary R. Shendell
          Florida Bar No. 0964440
          Kenneth S. Pollock
          Florida Bar No. 0069558


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 18, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By:   /s/      Kenneth S. Pollock
          Kenneth S. Pollock

*Jay Brussels v. David E. Newman, P.A. et al.*
*CASE NO. 06-61325 CIV-COHN/SNOW*

## SERVICE LIST

| | |
|---|---|
| Robert W. Murphy, Esq.<br>1212 Southeast 2nd Avenue<br>Fort Lauderdale, Florida 33316<br>**Counsel for Plaintiff** | |

11

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-61325-CIV-COHN/SNOW

JAY BRUSSELS, AN INDIVIDUAL, ON
BEHALF OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED,

      PLAINTIFF,

      V.

DAVID E. NEWMAN, P.A., A FLORIDA
PROFESSIONAL ASSOCIATION, DOING
BUSINESS AS "DAVID E. NEWMAN
ATTORNEYS AT LAW," AND DAVID E.
NEWMAN, AN INDIVIDUAL,

      DEFENDANTS.

_____/

## ORDER

THIS CAUSE having come on to be heard upon the Defendants, DAVID E. NEWMAN, P.A. & DAVID E. NEWMAN's Motion to Dismiss Plaintiff's Complaint, and Plaintiff's response thereto, and the Court having been fully advised in the premises, it is hereupon

ORDERED and ADJUDGED that said Motion is GRANTED and relief is Ordered as follows:

1. The Complaint is dismissed, and

2. _____

DONE and ORDERED in Chambers at Miami-Dade County, Miami, Florida, this _____ day of _____, 2006.

*Copies provided to all counsel of record*

                                                    James I. Cohn
                                                    U.S. District Judge