## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:06-61325-CIV-COHN/SNOW

JAY BRUSSELS, an individual, on behalf
of himself and all others similarly situated,

      Plaintiff,

vs.                                      **CLASS ACTION**

DAVID E. NEWMAN, P.A., a Florida
professional association, doing business as
"David E. Newman Attorneys at Law," and
DAVID E. NEWMAN, an individual,

      Defendants.

_____/

### MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
### TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, Jay Brussels, an individual, on behalf of himself and all others similarly situated ("Mr. Brussels"), by and through his undersigned attorney, pursuant to Rule 7.1C, Local Rules of the United States District Court, Southern District of Florida, files this his Memorandum of Law in Opposition to the Motion to Dismiss [D.E. 11] filed herein by Defendants, David E. Newman, P.A., a Florida professional association, doing business as "David E. Newman Attorneys at Law" ("Collection Law Firm") and David E. Newman, an individual ("Attorney Newman" or "Mr. Newman"):

### I. INTRODUCTION

### A.  SYNOPSIS OF COMPLAINT ALLEGATIONS

In the instant action, Mr. Brussels has filed a Complaint seeking relief on a class basis against Defendants under 15 U.S.C. §1692, *et sequi*, known more commonly as the "Federal Fair

1

Debt Collection Practices Act"("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  According to the Complaint, Defendants violated the FDCPA while attempting to collect a credit card account issued by Chase Manhattan Bank or its predecessors in interest ("Brussels Credit Card Account") (Complaint—¶¶8-9).  A copy of the Cardholder Agreement issued by the predecessor in interest of Chase Manhattan Bank, to-wit: the Bank of New York (Delaware) ("Bank of New York"), for the Brussels Credit Card Account is attached to Complaint as Exhibit "A" (Complaint—¶10).

In his Complaint, Mr. Brussels alleges two distinct areas of offensive conduct which violate the FDCPA.  Firstly, Mr. Brussels has alleged that Defendants sent or caused to be sent to Mr. Brussels written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies under the Brussels Credit Card Account ("Collection Communication") (Complaint—¶11).  A copy of the Collection Communication is attached to the Complaint as Exhibit "B."  The Collection Communication violates the requirements of 15 U.S.C. §1692g in a myriad of ways to the extent that it does not properly inform the consumer with respect to the consumer's rights for debt verification in a manner not reasonably calculated to confuse or frustrate the least sophisticated consumer (Complaint—¶20).

The second area of conduct of Defendants which is addressed by Mr. Brussels in his Complaint concerns the attempt by Defendants to collect the sum of Four Hundred Dollars ($400.00) as collection "attorney's fees" through the Collection Communication ("Attorney Fee Claim")(Complaint—¶14).  Paragraph 15 of the Brussels Cardholder Agreement, however, provides:

   **15.  COLLECTION FEE** We may refer your debt to an agency or attorney for

   collection if it is in default. <u>If proceedings are instituted for the collection of any</u>

2

<u>amounts owing under this Agreement</u> by any attorney who is not a salaried employee of ours, we may charge, and you agree to pay, reasonable attorney's fees incurred in connection with such proceedings plus actual court and other collection costs.

(emphasis added by Mr. Brussels)

As no "proceedings" had been instituted for the collection of any monies purportedly owed by Mr. Brussels, the Attorney Fee Claim constitutes an unlawful and impermissible attempt  to collect monies from Mr. Brussels and other members of the Class.  Accordingly, Defendants violated the requirements of both 15 U.S.C. §1692e through making a false representation of services rendered or compensation which could be lawfully received by Defendants and 15 U.S.C. §1692f by attempting to collect monies from consumers which is not expressly authorized by the agreement creating the debt or permitted by law.

## B.   SYNOPSIS OF APPLICABLE CONSUMER LAW

### 1.  Scope and Purpose of FDCPA

The FDCPA was enacted to protect consumers from and to eliminate "abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). The FDCPA also protects law abiding debt collectors who refrain from using abusive debt collection practices from being competitively disadvantaged. <u>Id</u>. The FDCPA was enacted by Congress after finding "abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors," 15 U.S.C. §1692(a). Moreover, Congress found that "[a]busive debt collection practices contribute to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." <u>Id</u>.

3

The FDCPA enumerates general standards of proscribed conduct, defines and restricts abusive collection acts as detailed in the Act, and provides for specific disclosure rights for consumers. Such consumer rights include the requirement that debt collectors provide a so-called "validation notice," which discloses the amount of debt, the name of the creditor, a statement that the validity of the debt will be assumed unless disputed by the consumer within thirty (30) days from receipt of the notice, and an obligation to verify the debt, including the disclosure of the name and address of the original creditor, if the consumer so requests. 15 U.S.C. §1692g; See, Russell v. Equifax, 74 F.3d 30, 34 (2nd Cir. 1996); Bleich v. Revenue Maximization Group, 233 F. Supp.2d 496 (E.D. N.Y. 2002). In addition to consumer disclosure rights, 15 U.S.C.§1693 provides for a broad proscription against "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or information concerning a consumer." 15 U.S.C. §1693e(10).

## 2.  FDCPA as a Strict Liability Statute

The FDCPA is a strict liability statute. As such, there are no unimportant or non-actionable violations. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 63 (2nd Cir. 1993); Taylor v. Perrin, Landry, de Launay & Durand, 103 F.3d 1232 (5th Cir. 1997). Further, the FDCPA, as with all consumer statutes, is afforded broad and liberal interpretation in favor of the consumer to effectuate its purposes. Cirkot v. Diversified Financial Systems, Inc., 831 F. Supp. 941, 944 (D.Conn. 1993); cf., Rodash v. AIB Mortgage Company, 16 F.3d 1142, 1144 (11th Cir. 1994) abrogated on other grounds by Veale v. Citibank, F.S.B., 85 F.3d 577 (11th Cir. 1996); Schroder v. Suburban Coastal Corporation, 729 F.2d 1371,1380 (11th Cir. 1984).

## 3.  Application of the "Least Sophisticated Consumer" Standard

4

The United States Court of Appeals for the 11th Circuit established the standard by which most violations of the FDCPA are analyzed, i.e., whether the communication by the debt collector would mislead the "least sophisticated consumer." <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1172—75 (11th Cir. 1985). Under the governing standard, a court need not determine whether the named plaintiff or other putative plaintiffs were misled or were confused by the notice, as the standard is whether the 'least sophisticated consumer' would have been misled. <u>Swanson v. Mid Am, Inc.</u>, 186 F.R.D. 665, 667 (M.D. Fla. 1999). The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, "the gullible as well as the shrewd." <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1318 (2nd Cir. 1993). <u>See</u>, also, <u>Taylor v. Perrin, Landry, de Launay v Durand</u>, 103 F.3d 1232, 1236 (5th Cir. 1997); <u>U.S. v. National Financial Services, Inc.</u>, 98 F.3d 131, 136 (4th Cir. 1996); <u>Russell v. Equifax</u>, A.R.S. 74 F.3d 30 (2d Cir. 1996); <u>Bentley v. Great Lakes Collection Bureau</u>, 6 F.3d 60 (2d Cir. 1993); <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222, 1225—26 (9th Cir. 1988). The actions of Defendants as alleged in the Complaint herein must be evaluated from the standpoint of the least sophisticated consumer.

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss, the standard of review is well-settled:

> "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-plead allegations and should view the complaint in a light most favorable to the plaintiff."

<u>Mylan Labs, Inc. v. Matkari</u>, F.3d 1130, 1134 (4th Cir. 1993), citing <u>DeSole v. United States</u>, 947 F.2d 1169, 1171 (4th Cir. 1991).

A complaint should not be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed. 2nd 80 (1957). Further, the court's consideration is limited to the assertions made within the four corners of the complaint, to documents attached to the complaint as exhibits reference to matters for which judicial notice may be taken, and to documents either in the plaintiff's possession or of which plaintiff had knowledge and relied on in bringing the suit. Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2nd Cir. 1993). "In short, the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." Amalgamated Bank of New York v. Marsh, 823 F.Supp. 209, 215 (S.D. N.Y.1993).

### III.   LEGAL ARGUMENT

**A.   PLAINTIFF HAS PROPERLY PLED A CLAIM UNDER THE FDCPA AGAINST ATTORNEY NEWMAN THROUGH ALLEGATIONS THAT ATTORNEY NEWMAN WAS A "DEBT COLLECTOR" WITHIN THE MEANING OF THE FDCPA AND THAT ATTORNEY NEWMAN ACTIVELY PARTICIPATED IN THE COLLECTION OF THE CONSUMER DEBT**

#### 1.   Definition of Debt Collector.

15 U.S.C. §1692a(6) provides in pertinent part:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business for the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692(a)6.

6

Under the foregoing definition, most debt collection agencies and their actively involved employees are within the ambit of the FDCPA.  See, Campion v. Credit Bureau Services, Inc., 2000 WL 33255504 (E.D. Wash. 2000); West v. Costen, 558 F.Supp. 564 (W.D. Va..1983).  Mr. Brussels has alleged that Attorney Newman was a "debt collector" as the term is defined under the FDCPA (Complaint ─ ¶33).

## 2.  Lawyers as "Debt Collectors" Under the FDCPA

In 1986, Congress expanded coverage of the FDCPA to include attorneys who regularly collect consumer debts.  Heintz v. Jenkins, 115 S. Ct. 1489, 514 U.S. 291, 131 L. Ed. 2d 395 (1995).  As stated by the U.S. Supreme Court:

> First, the act does apply to lawyers engaged in litigation. . . In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly "attempts" to "collect" those consumer debts. Id. at 295.

> Id. at 1490-1491; See, also, Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227 (3rd Cir. 2005).

In Piper, the homeowner brought an action under the FDCPA against a law firm ─ and two of its attorneys ─ who had been hired by a municipality to collect payment for overdue water and sewer obligations.  Id at 229.  The Third Circuit was called upon to address a certified question to whether the requirements of the FDCPA applied to matters involving the collection of government water obligations.  In responding in the affirmative, the Court held that unpaid water bills were within the ambit of the FDCPA and that the law firm and the individual attorney employees were liable for violating the FDCPA.  Id at 237.

In a similar fashion, an attorney who authors office collection letters, supervises collection activities, and is a sole attorney in a debt collection firm is a "debt collector" as

defined by the FDCPA.  Brumbelow v. Law Offices of Bennett & Deloney, P.C., 372 F.Supp. 2nd

615 (D. Ut. 2005); see, also, Goins v. JBC & Associates, P.C., 352 F.Supp.2d 262 (D. Conn.

2005) [owner of law firm was a "debt collector" within meaning of FDCPA where owner

provided services to clients seeking to collect debts and had sole control over which debt

collection letters were sent to consumers].

      In his Motion to Dismiss, Attorney Newman incredulously argues that he is somehow

removed from the ambit of the FDCPA because he is incorporated as a Florida professional

association, to wit: David E. Newman, P.A. (Motion to Dismiss ─ p.4). Attorney Newman has

failed to recognize that his corporation does not shield him from liability under the FDCPA.

See, e.g., Ditty v. Check Right, Ltd., Inc., 973 F.Supp. 1320 (D. Ut. 1997) [attorney for law firm

which represented the collection agency was "debt collector" and thus, could be held personally

liable under the FDCPA even though the law firm was a limited liability company, where the

attorney was the firm's sole attorney, developed debt collection practices, was the author of

collection letters utilized by the firm and supervised all the firm's activities].  In the instant

action, Mr. Brussels has clearly alleged that both Defendants ─ Attorney Newman and the

Collection Law Firm ─ each violated the FDCPA in their collection activities directed to

Plaintiff  (Complaint - ¶¶ 11-14).  This fact is underscored by the Collection Communication

attached as Plaintiff's Exhibit "A" which purports to be "reviewed and approved" by Attorney

Newman himself.

      With all due respect to Attorney Newman, the Federal Rules of Civil Procedure only

require a "short and plain statement of the claim that will give the defendant fair notice of what

the plaintiff's claim is and the grounds upon which it rests." Roe v. Aware Women's Center for

Choice, Inc., 253 Fd.3d 678, 683 (11th Cir. 2001), quoting Connolly v. Gibson, 78 S.Ct. 99, 103

8

(1987); See also, Rule 8(a)(2), Federal Rules of Civil Procedure.  Accordingly, Mr. Brussels has

stated a claim for relief against Attorney Newman.  See, also, Musso v. Seiders, 194 F.R.D. 43,

46-47 (D. Conn. 1999); Pope v. Vogel, 1998 WL 111576 (N.D. Ill. 1988); Egli v. Bass, 1998

WL 560270 (N.D. Ill. 1998) [principal who was responsible for devising and implementing

procedures personally liable under the FDCPA]; Drennan v. Van Ru Credit Corporation, 950

F.Supp. 858, 860-861, Note 7 (N.D. Ill. 1996) [principal is proper target of the FDCPA

complaint]; In re: National Credit Management Group, 21 F.Supp. 2d 464, 461 (D. New Jersey

1998) [officers can be individually liable if they directly participate in the violations; played a

part in controlling, directing, or formulating the policies and practices which violated the law; or

have the authority to control the violators or have actual or construction of knowledge of the

violations]; *compare*, Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057 (7th Cir.

2000) [the shareholder and president of the collection agency was not a "debt collector without

any other evidence of active participation in the collection of debt"].

>    **B.    IN LIGHT OF THE ALLEGATIONS BY MR. BRUSSELS
>    CONCERNING THE AUTHENTICITY OF THE EXHIBITS TO THE
>    COMPLAINT, THE COURT SHOULD NOT CONSIDER ANY
>    CONTRADICTORY DOCUMENTS PROFFERED BY DEFENDANTS IN
>    CONJUNCTION WITH A MOTION TO DISMISS UNDER RULE 12(b)(6),
>    FEDERAL RULES OF CIVIL PROCEDURE.**

In the instant action, Mr. Brussels has alleged that Defendants were attempting to collect

monies with respect to a credit card issued by "Chase Manhattan Bank or its predecessors in

interest" (Complaint─¶8).  Mr. Brussels attached as an exhibit to the Complaint a cardholder

agreement on an account issued under the brand name "Toys R Us" by the Bank of New York

(Delaware).  Mr. Brussels has alleged that the subject exhibit constitutes the legal agreement

between him and Chase Manhattan. In their Motion to Dismiss, Defendants claim some other

9

agreement controls the ability of Defendants to recover attorneys fees from consumers (Motion to Dismiss - ¶¶ 8-9). Towards this end, Defendants have attached a different credit card agreement from that advanced by Mr. Brussels.

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert the defense of "failure to state a cause of action where relief may be granted" on a motion.  However, it is elemental that "a complaint should be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Dahlberg v. Becker, 748 F.2d 85, 88 (2nd Cir.1984).  The role of the Court in considering a motion to dismiss "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which may be offered in support thereof."  Geisler v. Petrocelli, 616 F.2d 636, 639 (2nd Cir.1980).  "The issue is not whether Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim."  Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2nd Cir.1995).

Although a court is not strictly limited to the four corners of the complaint, it "must limit itself to a consideration of the facts alleged on the face of the complaint, and to any documents attached as exhibits or incorporated by reference."  Cosmas v. Hassett, 86 F.2d 8, 13 (2nd Cir.1989).  See, also, Labonty v. Adler, 933 F.2d 123 (2nd Cir. 1991) ["Rule 12(b)(6) does not give the district court authority to consider matters outside the pleadings; it simply delineates procedures which must be filed in testing the legal sufficiency of the complaint."].

As stated above, Mr. Brussels has made an affirmative allegation that the Brussels Cardholder Agreement is the operative legal document which controls the relationship between him and the initial creditor.  The attempt by Defendants to assert that some other agreement

controls such a relationship is inappropriate.  Indeed, if a court on a Rule 12(b)(6) motion looks

to matters outside the complaint, the court generally must convert the Rule 12(b)(6) motion into

a motion for summary judgment under Rule 56.  <u>Dean Witter Reynolds, Inc. v. Howsam</u>, 261

F.3d 956, 961 (10th Cir.2001).  As neither party has engaged in discovery as of the date hereof, a

Rule 56 application would be simply inappropriate.

## IV.   CONCLUSION

Attorney Newman does not present any compelling legal authority to support his

contention that he is not personally subject to liability under the FDCPA.  Mr. Brussels has

alleged that he is a "debt collector" under the FDCPA.  Further, in his Complaint, Mr. Brussels

has concisely and specifically alleged that Attorney Newman collected a consumer debt.  This

position is underscored by the fact that the Collection Communication purports to have been

"reviewed and approved" by Attorney Newman.

With respect to the claim by Defendants that there were "obvious discrepancies" between

the respective cardholder agreements, it is the position of Mr. Brussels that he has properly

alleged that the exhibit attached to the Complaint constitutes the legal agreement between him

and his credit card provider.  The Court should accept as true the factual allegations of the

Complaint and refrain from going beyond the four corners of the Complaint.

Notwithstanding the foregoing, if the Court finds that any aspect of the Complaint is

deficient, Mr. Brussels would respectfully request leave to amend to cure the pleading

deficiency, if possible.


/s/ Robert W. Murphy

11

ROBERT  W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660
(954) 763-8607 (fax)
Counsel for Plaintiff
rphyu@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on Gary R. Shendell, Esquire, Shendell & Pollock, P.L., 5355 Town Center Road, Suite 200, Boca Raton, Florida 33486, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.


/s/ Robert W. Murphy
Attorney

12