UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:06-61325-CIV-COHN/SNOW

JAY BRUSSELS, an individual, on behalf
of himself and others similarly situated,

    Plaintiff,

vs.

DAVID E. NEWMAN, P.A., a Florida
professional association, d/b/a "David E.
Newman Attorneys at Law," and DAVID
E. NEWMAN, an individual
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court upon Defendants David E. Newman, P.A. and David E. Newman's Motion to Dismiss Plaintiff's Complaint [DE 11]. The Court has carefully considered the Motion and Plaintiff's Response [DE 12], and is otherwise fully advised in the premises.[1]

### I.  BACKGROUND

Plaintiff Jay Brussels filed a Complaint in the above-captioned action against Defendants David E. Newman, P.A. and David E. Newman alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Plaintiff alleges that Defendants violated the FDCPA by sending misleading "dunning letters," communications sent to consumers to collect unpaid debts, and requesting payment of attorney's fees for the time spent attempting to collect the debts.

---

[1] Defendants did not file a reply and the time for filing a reply has passed.

Defendants now move to dismiss the Complaint alleging that 1) Plaintiff has failed to offer facts sufficient to pierce the corporate veil against Defendant David E. Newman, individually; and 2) the credit agreement attached to the Complaint is not the agreement which controls in this case.  Plaintiff argues that the Motion should be denied because Defendant David E. Newman is a "debt collector" as defined by the FDCPA, and therefore subject to liability regardless of the existence of David E. Newman, P.A.  Second, Plaintiff argues that at this stage of the litigation, the Court must accept the facts as alleged in the Complaint and its exhibits as true without evaluating the weight of the evidence or contradicting theories of the case.

## II.  ANALYSIS

### A.  Motion to Dismiss Standard

In its Motion to Dismiss, Defendants assert that Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.  It is long settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  The allegations of the complaint must be taken as true and must be read to include any theory on which the plaintiff may recover.  Cramer v. Florida, 117 F.3d 1258, 1262 n. 8 (11th Cir. 1997); see also Marsh, 268 F.3d  at 1023; Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

### B.  "Debt Collector" Under the FDCPA

Title 15 U.S.C. § 1692a(6) defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." A lawyer who regularly attempts to obtain payment of consumer debts through litigation or legal proceedings is considered a "debt collector" under the FDCPA.  Heintz v. Jenkins, 514 U.S. 291, 292, 299 (1995).  In determining whether an individual can be sued for violation of the FDCPA, it is irrelevant whether the person attempts to collect the debt under the auspices of a law firm or other corporation.  Rather, the issue is whether the individual defendant acted as a "debt collector" such that he or she can be found liable under the FDCPA.  See Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227, 234 (3d Cir. 2005) (law firm and two of its lawyers liable under FDCPA for debt collection activities); Ditty v. CheckRite, Ltd., 973 F. Supp. 1320, 1337-38 (D. Utah 1997) ("While it is generally true that a corporate officer or director may be held personally liable only for his or her tortious conduct, . . . when that office or director is also a 'debt collector,' he or she may be held personally liable for violations of the FDCPA"); West v. Costen, 558 F. Supp. 564, 584-85 (W.D. Va. 1983) (individual "debt collector" can be held personally liable for violating FDCPA, but not vicariously liable for acts of company's other collection agents absent ability to pierce corporate veil).

In this case, the Complaint clearly alleges that Defendant David E. Newman acted as a "debt collector" in his individual capacity.  Taking the facts of the Complaint as true for purposes of the instant Motion to Dismiss, the Court finds that the case was

properly pled against Defendant David E. Newman, individually.  His actions as a "debt collector" subject him to personal liability under the FDCPA regardless of the fact that he acted under a Florida professional association.  Therefore, this portion of Defendants' Motion to Dismiss shall be denied.

**B.  Relevancy of Credit Agreement Attached as an Exhibit to the Complaint**

Defendants also move to dismiss the Complaint alleging that the cardholder agreement attached as Exhibit A to the Complaint does not apply to this lawsuit.  Alternatively, Defendants move for a more definite statement of the facts alleged in the Complaint.  Defendants proffer that an alternative agreement, which provides for the recovery of attorneys' fees, applies to this case.  Defendants allege that if this alternative agreement applies, Plaintiff's claim that Defendants violated the FDCPA by seeking to collect attorney's fees must be dismissed.

At this stage of the litigation, the Court must accept the facts alleged in the Complaint and its accompanying documentation as true.  The Court is not to weigh the sufficiency of the evidence, or to determine whether the Plaintiff has pled facts which will enable him to ultimately prevail.  Villager Pond, Inc. v. Darien, 56 F.3d 375, 378 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989).  Defendants allege that the cardholder agreement attached to the Complaint does not apply to this case because it was issued by Bank of New York and not Chase Manhattan Bank.  However, the Complaint specifically provides that this case stems from actions by the Defendants to "collect monies from consumers for credit cards issued by Chase Manhattan Bank or its predecessors in interest."  (Compl. [DE 1], ¶ 8.)  Pursuant to this statement, Plaintiff may state a claim upon which relief may be granted if he can establish that the Bank of

New York Cardholder Agreement was eventually assigned to Chase Manhattan Bank. Since Federal Rule of Civil Procedure 8 only requires Plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief," the Court finds that the Complaint was sufficiently pled and that Plaintiff has established a claim which, if proven, would entitle him to relief.  Therefore, the second portion of Defendants Motion shall be denied.

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants David E. Newman, P.A. and David E. Newman's Motion to Dismiss Plaintiff's Complaint [DE 11] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of February, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:

All counsel of record